UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PATRICE KELLY,

                Plaintiff,

        -against-

PENTAGROUP FINANCIAL, LLC,

                Defendant.

**VERIFIED COMPLAINT and DEMAND
FOR JURY TRIAL**

`5:09-cv-969`
`(GTS/GHL)`

NOW COMES Plaintiff, PATRICE KELLY ("Plaintiff"), by and through her attorneys, Krohn & Moss, Ltd., for her Verified Complaint against Defendant, PENTAGROUP FINANCIAL, LLC ("Defendant"), alleges as follows:

<u>Nature of the Action</u>

1.      This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

<u>Parties</u>

2.      Plaintiff is a natural person residing in Fulton, Oswego County, New York.

3.      Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4.      Defendant is a national company having its principal place of business located in Houston, Harris County, Texas.

5.      Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

6.      Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8.      Because Defendant conducts business in the state of New York, personal jurisdiction is established

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

10.     Declaratory relief is available pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

## Factual Allegations

11.     Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12.     Defendant places collection calls to Plaintiff and fails to properly identify himself/herself by hanging up the phone when Plaintiff answers.

13.     Defendant contacted Plaintiff at her place of employment despite having notice that Plaintiff cannot accept such calls.

14.     Defendant threatened to garnish Plaintiffs wages while seeking and demanding payment for an alleged consumer debt. To date, no wages have been garnished.

## CLAIM FOR RELIEF

15.     Defendant's violations of the FDCPA include, but are not limited to, the following:

2

a.  Defendant violated §1692c(a)(1) of the FDCPA by contacting Plaintiff at a time and place known to be inconvenient.

b.  Defendant violated §1692c(a)(3) of the FDCPA by contacting Plaintiff at her place of employment despite having notice that Plaintiff cannot accept such calls.

c.  Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse the Plaintiff.

d.  Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity by calling Plaintiff and hanging up the phone.

e.  Defendant violated §1692e of the FDCPA by making false, deceptive, and misleading representations in connection with the debt collection.

f.  Defendant violated §1692e(4) of the FDCPA by stating that nonpayment of the alleged debt will result in garnishment.

g.  Defendant violated §1692e(5) of the FDCPA by threatening to take action that is not intended to be taken.

h.  Defendant violated §1692e(10) of the FDCPA by engaging in false representations and deceptive means to collect or obtain information about a consumer.

i.  Defendant violated §1692e(11) of the FDCPA by failing to properly identify themselves when seeking and demanding payment for an alleged consumer debt.

j.  Defendant violated §1692f of the FDCPA by engaging in unfair and unconscionable means to collect or attempt to collect the alleged debt.

k.   Defendant violated §1692g(a)(1-5) by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

16.   As a consequence of Defendant's foregoing actions, Plaintiff has suffered from emotional distress.  *See* Exhibit A hereto.

17.   Plaintiff is entitled to her attorney's fees and costs incurred in this action.

18.   This case presents an actual and justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1)  Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*;

(2)  Actual damages

(3)  Statutory damages pursuant to 15 U.S.C. § 1692k

(4)  Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

(5)  Awarding such other and further relief as may be just, proper and equitable.

Dated:          August 26, 2009

KROHN & MOSS, LTD.

By:   /s/ Adam T. Hill                          
      Adam T. Hill
      KROHN & MOSS, LTD.
      120 W. Madison St., 10th Fl.
      Chicago, Illinois 60602
      Telephone:  312-578-9428
      Telefax:  866-802-0021
      ahill@consumerlawcenter.com
      Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, PATRICE KELLY, hereby demands a jury trial in this matter.

## VERIFICATION

STATE OF NEW YORK

:ss.:

COUNTY OF OSWEGO

Plaintiff, KELLY PATRICE, being duly sworn, deposes and says:

1. I am the Plaintiff in this civil proceeding;
2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;
3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it;
6. Each and every exhibit I have provided to my attorneys, which has/have been attached to this Complaint, is/are true and correct copy(s) of the original(s); and
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated the exhibit(s), except that some of the attached may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, KELLY PATRICE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 8|19|09

_____
KELLY PATRICE

**EXHIBIT A**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — YES NO
2. Fear of answering the telephone — YES NO
3. Nervousness — YES NO
4. Fear of answering the door — YES NO
5. Embarrassment when speaking with family or friends — YES NO
6. Depressions (sad, anxious, or "empty" moods) — YES NO
7. Chest pains — YES NO
8. Feelings of hopelessness, pessimism — YES NO
9. Feelings of guilt, worthlessness, helplessness — YES NO
10. Appetite and/or weight loss or overeating and weight gain — YES NO
11. Thoughts of death, suicide or suicide attempts — YES NO
12. Restlessness or irritability — YES NO
13. Headache, nausea, chronic pain or fatigue — YES NO
14. Negative impact on my job — YES NO
15. Negative impact on my relationships — YES NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____
_____
_____
_____
_____

*Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.*

Dated: __8/19/09__

Signed Name _____

Printed Name __Patrice S. Kelly__